# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

BRANDON VOTAW,       )      CASE NO. 5: 18 CV 1358

           Plaintiff,     )      JUDGE DONALD C. NUGENT

      v.                )      <u>ORDER ADOPTING REPORT</u>

                                               )      <u>AND RECOMMENDATION</u>

COMMISSIONER OF SOCIAL    )

SECURITY,                 )

                                             )

           Defendant.     )

      This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James R. Knepp, II. Magistrate Judge Knepp recommends affirming the Commissioner of Social Security's ("Commissioner") decision denying Mr. Votaw's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423, *et seq..* (ECF #19). Following the issuance of the Report and Recommendation, the Plaintiff filed an Objection to the Report and Recommendation. (ECF #20).

      The Court has reviewed *de novo* those portions of the Magistrate Judge's Report and Recommendation to which objection has been made. *See* FED. R. CIV. P. 72(b). Magistrate Judge Knepp's Report and Recommendation is well-supported and correct. The Administrative

Law Judge ("ALJ") found that Mr. Votaw had severe impairments of degenerative disc disease and stenosis of the lumbar spine, peripheral neuropathy of the bilateral lower extremities, obesity, depression, and anxiety. She also found that these things, singly or in combination, do not meet or equal the severtiy of a listed impairment. The ALJ also found that although Mr. Votaw was not capable of performing his past relevant work activities, and he had a Residual Functional Capacity which allowed him to engage in a limited range of jobs that exist in significant numbers in the national economy. For the reasons set forth in the Magistrate's Report and Recommendation, this Court agrees that the ALJ applied the correct legal standard, and there is substantial evidence in the record to support the ALJ's findings of fact.

Mr. Votaw argues, both in his brief on the merits, and in his objections to Magistrate Knepp's Report and Recommendation that the determination of his Residual Functional Capacity ("RFC") should have taken into account his need to use a can while standing or walking. The decision to exclude this from Mr. Votaw's work restrictions was supported by substantial evidence within the record. In order to be considered a "medically required" assistive device, there must be medical documentation establishing the need for a hand-held assistive device and an unambiguous statement dictating the circumstances under which it is medically necessary. *See Halama v. Comm'r of Soc. Sec.*, 2013 WL 478966, at *8 (N.D. Ohio). It is clear from the record that the ALJ considered Mr. Votaw's use of a cane and/or rolling walker, and found that there was no such unambiguous statement regarding need and circumstances for use of a cane or walker by any of Mr. Votaw's medical providers. The Report and Recommendation thoroughly and accurately describes any references to the use of a cane that appear in Mr. Vatow's medical records and correctly concludes that there is substantial evidence to support the ALJ's

interpretation that any such references do not equate to a statement that a cane or walker is a medically necessary assistive device required by Mr. Vatow in order to sit, stand, or walk for the periods of time addressed in his RFC determination.

The Report and Recommendation, (ECF #19), is ADOPTED in its entirety. The Plaintiff's objections are overruled. (ECF #20). The final decision of the Commissioner is AFFIRMED, and judgment is entered in favor of the Defendant. IT IS SO ORDERED.


DONALD C. NUGENT
United States District Judge


DATED: August 5, 2019